UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CIVIL ACTION

VERSUS

NO. 13-315-SDD-RLB

RUGER P95 PISTOL,
SN#31600571 AND 9 ROUNDS
OF AMMUNITION CAL. 9MM

### ORDER

Before the Court is the United States of America's *Motion for Reconsideration of its Motion for Default Judgment* filed on August 6, 2013.[1] Pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Government seeks an amendment to the Court's original *Order* entered on August 6, 2013, to allow for a correction based on a clerical mistake, oversight, and omission.[2] Originally, the Court had denied the United States' *Motion for Default Judgment* for failure to comply with the publication requirements set forth in Rule G(4)(a)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). In its pending motion and supporting memorandum, the United States has explained that it inadvertently misrepresented the true value of the Ruger P95 Pistol, SN#31600571, as $1,000.00, when, in fact, its actual value is only $400.00. The Government has offered the affidavit of Mr. Leonard Starnes, a Task Force Agent with the Bureau

---

[1] Rec. Doc. 13.
[2] Rec. Doc. 12.

1

of Alcohol, Tobacco, Firearms, and Explosives, who attests to the $400.00 value of the pistol. The $600.00 difference is significant and impacts the Court's original decision.

Rule G(4)(a)(i)(A) of the Supplemental Rules does not require publication of the forfeiture action when the value of the property is less than $1,000.00. Because the property sought to be forfeited, the Ruger P95 Pistol, SN#31600571, and nine (9) rounds of 9mm ammunition, has a value far less than $1,000.00, the publication requirement is not required; instead, the Government is required to provide direct notice under Rule G(4)(b) to every person the Government can reasonably identify as a potential claimant. In its *Memorandum in Support of its Original Motion for Default Judgment of Forfeiture*,[3] the Government explained that it had, in fact, provided direct notice of this action to Usiado Njoku, the owner of the pistol and ammunition from whom both items were seized, at his last known address pursuant to Rule G(4)(b) of the Supplemental Rules. The Government also provided sworn facts showing a reasonable basis to conclude that the pistol and ammunition are forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1), because they are a firearm and ammunition involved in or used in knowing violation of 18 U.S.C. § 922(g).

To date, Mr. Njoku, the property owner, has filed no opposition to the Government's motion.

---

[3] Rec. Doc. 11-1.

2

Accordingly, because the Court finds that all of the procedural requirements have been satisfied and default has been entered, and the sworn facts establish a reasonable basis to conclude that the property are forfeitable to the United States pursuant to 18 U.S.C. §924(d)(1), a default judgment of forfeiture shall be entered forfeiting Ruger P95 Pistol, SN#31600571, and nine (9) rounds of 9mm ammunition.

Wherefore, the United States of America's *Motion to Reconsider the Motion for Entry of Default Judgment of Forfeiture*[4] is hereby GRANTED. Based on the foregoing, the Court GRANTS the United States' *Motion for Entry of Default Judgment*.[5]  Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this _____8th_____ day of August, 2013.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] Rec. Doc. 13.
[5] Rec. Doc. 11.